# IN THE COURT OF APPEALS OF IOWA

No. 19-0590
Filed November 27, 2019

IN RE THE MARRIAGE OF HEIDI J. KIRSCH
AND WILLIAM J. KIRSCH

Upon the Petition of
HEIDI J. KIRSCH,
      Petitioner-Appellant,

And Concerning
WILLIAM J. KIRSCH,
      Respondent-Appellee.
_____

      Appeal from the Iowa District Court for Linn County, Mitchell E. Turner, Judge.

      Petitioner appeals the spousal-support and property-distribution provisions of the dissolution decree. **AFFIRMED AS MODIFIED.**

      Jacob R. Koller of Simmons Perrine Moyer Bergman, PLC, Cedar Rapids, for appellant.

      Brian D. Johnson of Jacobsen, Johnson & Wiezorek, P.L.C., Cedar Rapids, for appellee.

      Considered by Bower, C.J., and May and Greer, JJ.

**BOWER, Chief Judge.**

Heidi Kirsch appeals provisions of the decree dissolving her marriage to William Kirsch. She challenges the award of spousal support to William and an investment account the court set aside as William's inheritance. We affirm as modified.

### I.        Background Facts & Proceedings

Heidi and William married in January 1996. The parties have four children between the ages of fifteen and twenty-four. Two of the children resided with Heidi at the time of trial, one of whom is still a minor. A third child is in college and lives with Heidi when not at school.

William is sixty years old. He has a high school education, a mechanic's certificate, and a valid commercial driver's license (CDL). He has worked as an auto mechanic. William worked full time until 2002, when he unilaterally quit his job and retired. Until then, William was the primary breadwinner for the family. William has a form of multiple sclerosis but his condition has been stable since 2016 and he continues to be physically active. Since 2016, he has been employed part-time as a Wal-Mart greeter and earns an annual wage of $15,719. He also receives investment income from non-retirement accounts of approximately $9067 per year, bringing his annual income to $24,786.

Heidi, who is forty-five years old, has a bachelor's degree in anthropology, a medical laboratory technology certification, and a registered nurse degree. She has supported the family since 2002, at which time she was making approximately $10,000 per year. Heidi improved her professional skills and progressed to higher-paying jobs. Since 2016, she has been employed as a project manager at

UnityPoint Health. Her base salary in 2018 was $93,870. She is eligible for incentive pay, which varies based on company finances, personal performance, and department goals. Heidi works remotely due to her limited ability to drive resulting from multiple medical conditions, including degenerative and chronic diseases.[1]

In 1996, William sold his share in family farmland inherited from his mother, netting $94,699.85. This money was placed in an investment account in William's name. An additional inherited amount of $8340.92 was placed in the account in 2003. Heidi helped choose the investment broker, evaluated different investments, and monitored the account for William. Some marital funds were placed in the account from time to time, and the account was used to pay for vehicles, to fund both parties' Roth IRAs, and to pay occasional marital expenses.

On August 24, 2017, Heidi filed a petition for dissolution of their marriage. The parties filed a partial stipulation concerning legal custody and physical care of their minor child and a partial stipulation reserving the court's jurisdiction to enter a post-secondary education subsidy. A trial was held on the remaining matters on February 13 and 14, 2019.

The court entered its decree on March 1, incorporating the partial stipulations. The court ordered William to pay $250 a month for child support to Heidi, a downward deviation from the guideline amount;[2] and ordered Heidi to pay

---

[1] Heidi's medical issues include: occipital neuralgia, cervical dystonia, severe major depression, high cholesterol, high blood pressure, elevated intraocular pressure, early stage macular degeneration, fibromyalgia, spinal enthesopathy, generalized degenerative spinal joint disease, and chronic rotator cuff and knee injuries.
[2] The court noted that including the spousal support payment in his income, William's monthly guideline obligation would be $507, not $250.

William traditional spousal support of $1250 per month until either party's death, William's remarriage, or Heidi's retirement at or after age sixty-seven. The court also found William's investment account was inherited property and awarded the entirety of the investment account to William.

Both parties filed post-trial motions asking the court to amend and enlarge its findings. The court clarified child medical support and spousal support issues without substantively modifying the decree, and denied the remainder of the motions. Heidi appeals the spousal support provision and the court's findings concerning the investment account.

## II.     Standard of Review

"We review dissolution cases de novo." *In re Marriage of Sullins*, 715 N.W.2d 242, 247 (Iowa 2006). We give weight to the factual findings of the district court, especially when considering the credibility of witnesses, but are not bound by those findings. Iowa R. App. P. 6.904(3)(g).

## III.     Investment Account

The Iowa Code requires, "The court shall divide all property, except inherited property or gifts received or expected by one party, equitably between the parties . . . ." Iowa Code § 598.21(5) (2019). Inherited property and gifts received by either party "is the property of that party and is not subject to a property division under this section except upon a finding that refusal to divide the property is inequitable to the other party." *Id.* § 598.21(6). We consider the following factors in determining whether refusal to divide the property is inequitable:

> (1) contributions of the parties toward the property, its care, preservation or improvement[ ];

(2) the existence of any independent close relationship between the donor or testator and the spouse of the one to whom the property was given or devised;
(3) separate contributions by the parties to their economic welfare to whatever extent those contributions preserve the property for either of them;
(4) any special needs of either party;
(5) any other matter which would render it plainly unfair to a spouse or child to have the property set aside for the exclusive enjoyment of the donee or devisee.

*In re Marriage of McDermott*, 827 N.W.2d 671, 679 (Iowa 2013) (alteration in original) (citations omitted).

In considering these factors, we first note Heidi played an active role in helping manage the funds William inherited, including picking an investment advisor and keeping the records for the account. Heidi was also the primary contributor to the economic welfare of the family from 2002 through 2016, when additional contributions were made to the account. Moreover, Heidi and William both testified joint money flowed into the account and the account was used to contribute to both parties' IRAs and to make family purchases. Any appreciation in the account funds is not sufficiently attributable to the inheritance—as opposed to marital moneys flowing into the account and Heidi's efforts—to justify disparate treatment as to the appreciated amount. *See In re Marriage of Fennelly*, 737 N.W.2d 97, 104 (Iowa 2007).

Considering the parties' use of the account—joint funds flowing in and marital expenses paid out of the account, Heidi's active management of the account, and Heidi's economic support of the family while William did not work, we find the appreciation in value of the account above the inherited amount during the marriage to be a marital asset subject to equal division. William's two inheritances

constitute $103,040.80 of the account, and the marital accruals equal $39,628.20. We modify the district court decree to award Heidi $19,814.10, one-half of the marital increase in value.

### IV. Spousal Support

Heidi challenges the district court order for her to pay William $1250 per month in traditional spousal support until the earliest of Heidi's death, William's death, William's remarriage, or Heidi's retirement after reaching age sixty-seven.

A spousal support award is circumstance-dependent, not an absolute right. *In re Marriage of Schenkelberg*, 824 N.W.2d 481, 486 (Iowa 2012). The specific criteria for a court to consider in determining whether to order spousal support are set out by statute. Iowa Code § 598.21A(1). These criteria include the length of the marriage, the age and health of the parties, the distribution of property, educational levels of the parties, earning capacity of the parties, the feasibility of the party seeking support to self-support at a standard reasonably comparable to the marriage, the time and training necessary for employment, and other factors the court determines to be relevant. *Id.* "[W]e will only disturb the trial court's award of spousal support if it fails to do equity between the parties." *Schenkelberg*, 824 N.W.2d at 486.

Heidi and William were married for more than twenty years. Regardless of whether William worked to his full capacity during the marriage, there is no doubt Heidi has a much higher educational level and earning capacity at this time. Heidi is also much younger than William, though both have serious, on-going health issues. Heidi raises concerns over her continuing ability to maintain her income level, but any involuntary change in earning capacity based on her employer's

actions or her health would be for the district court to consider in a modification action, not for us to preemptively decide on appeal. *See* Iowa Code § 598.21C(1).

The district court balanced the needs of each party in fashioning its spousal support award. Considering all the circumstances of the parties, we find the trial court's award did not fail to do equity between Heidi and William. We affirm the district court's traditional spousal support award of $1250 per month paid by Heidi to William.

**AFFIRMED AS MODIFIED.**